UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAMI IKBAL SABA,

    Defendant.
_____/

Case No. 1:08-cr-68-1

HON. JANE M. BECKERING

**OPINION AND ORDER**

Now pending before the Court is Defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel (ECF No. 773). For the following reasons, the Court denies the motion.[1]

**I. BACKGROUND**

After pleas of not guilty, Defendant was found guilty by a jury as to Count One of the Third Superseding Indictment, conspiracy to commit financial institution fraud, in violation of 18 U.S.C. §§ 1349, 1344(2), and 20; Counts Two, Four, Six, and Eight of the Third Superseding Indictment, attempted financial institution fraud, in violation of 18 U.S.C. § 1344(2); Counts Three, Five, Seven, and Nine of the Third Superseding Indictment, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); Count Eleven of the Third Superseding Indictment, conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); and Count Twelve of the Third Superseding

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)." FED. R. CRIM. P. 43(b)(4).

Indictment, kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Judgment of Sentence, ECF No. 686).

At sentencing, Defendant's total offense level was 38, and his criminal history category was I, based on zero criminal history points (Sentence Modification Report (SMR) (ECF No. 780 at PageID.10867). His advisory guidelines range for Counts One, Two, Four, Six, Eight, Eleven, and Twelve was 235 to 293 months of imprisonment, and a 24-month consecutive term of imprisonment for Counts Three, Five, Seven, and Nine (*id*.). On September 21, 2011, the Hon. Janet T. Neff sentenced Defendant to 389 months' imprisonment, consisting of 293 months on each of Counts One, Two, Four, Six, Eight, Eleven and Twelve, to be served concurrently; and 24 months on each of Counts Three, Five, Seven and Nine, to be served consecutively with one another and consecutively to Counts One, Two, Four, Six, Eight, Eleven and Twelve. In addition, Defendant was ordered to serve 5 years of supervised release, consisting of 5 years on each of Counts One, Two, Four, Six, Eight, Eleven and Twelve, to be served concurrently; and 1 year on each of Counts Three, Five, Seven and Nine, to be served concurrently to one another and concurrently to Counts One, Two, Four, Six, Eight, Eleven and Twelve (Minutes, ECF No. 683; Judgment of Sentence, ECF No. 686).

After Defendant's Sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level

reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors.  U.S.S.G. § 4C1.1.

Defendant filed the motion at bar on August 21, 2024, seeking retroactive application of Amendment 821 to the Judgment of Sentence.  On October 1, 2024, this case was reassigned to the undersigned (ECF No. 779).  Pursuant to the August 27, 2024 Order (ECF No. 778), the Probation Office prepared a SMR, which was filed under restricted access on November 5, 2024 (ECF No. 780).  Defendant did not file a response to the SMR.  On December 17, 2024, the government filed a response in opposition to Defendant's motion (ECF No. 781).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*.  The § 3553(a)

factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

### B. Discussion

Defendant's motion implicates Part B of Amendment 821.  Defendant argues that his sentence should be reduced because he had zero criminal history points at his Sentencing (ECF No. 773 at PageID.10851).  The author of the Sentence Modification Report indicates that a reduction of Defendant's sentence is not consistent with the policy statements of the United States Sentencing Commission (ECF No. 780 at PageID. 10872).  The probation officer recommended no reduction in Defendant's sentence due to the policy statements and Defendant's public safety factors outlined in the SMR (*id*.).  The government argues that Defendant cannot establish that he

meets all of the criteria to receive a reduction under Amendment 821 (ECF No. 781 at PageID.10877).

Defendant's motion is properly denied.

United States Sentencing Guideline § 4C1.1 governs adjustment for certain zero-point offenders and provides for a two-level adjustment if a defendant "meets all of the following criteria":

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

Here, although Defendant had zero criminal history points at his original Sentencing, he does not meet the criterion delineated at § 4C1.1(a)(7) ("the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon").

In addition, Defendant does not meet the criterion delineated at § 4C1.1(a)(9), as he received an adjustment under § 3A1.1 due to there being a vulnerable victim involved.  Therefore, Defendant's guideline range would not be lowered as a result of the amendment to the guidelines.  Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  Defendant's motion fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826.  Accordingly:

**IT IS HEREBY ORDERED** that Defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821), including the request for appointment of counsel, (ECF No. 773) is DENIED.

Dated: April 22, 2025

 /s/ Jane M. Beckering  
JANE M. BECKERING  
United States District Judge